```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
SIGNATURE BANK,                     :
                                    :
                Plaintiff,          :
                                    :         No. 12 Civ. 6149 (JFK)
     - against -                    :
                                    :         MEMORANDUM OPINION
HKD PRODUCTIONS, INC. and HOWARD    :              AND ORDER
KERN DAY a/k/a HOWARD K. DAY a/k/a  :
HOWIE DAY,                          :
                                    :
                Defendants.         :
----------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar. 19, 2013

**John F. Keenan, United States District Judge:**

Before the Court is an unopposed motion for summary judgment by Plaintiff Signature Bank ("Plaintiff" or "Signature Bank") in this diversity action. Plaintiff alleges that Defendants HKD Productions and Howard Kern Day ("Day") (collectively, "Defendants") have defaulted on a $300,000 loan. For the reasons stated below, the motion is granted as to Defendant HKD Productions, on Plaintiff's first, second, and third causes of action.

## I. Background

Signature Bank is a banking association located at 565 Fifth Avenue in Manhattan, with its principal place of business in Manhattan. (Compl. ¶ 6.) HKD Productions is incorporated in Delaware and does business as "CAL Financial Group" in Virginia. Day is a resident of Maine. (Id. ¶ 7.)

It is undisputed that on or about November 15, 2010, HKD Productions executed a promissory note with Signature Bank in the amount of $300,000. (Id. ¶ 9, Exh. A.)  Day was the Guarantor for the loan. (Id. ¶ 2.)  Pursuant to the Note, HKD Productions agreed to make monthly payments of interest until the due date of the loan, which was January 16, 2012.  As collateral, HKD Productions executed a security agreement granting Signature Bank a first priority blanket security interest in, and lien upon, all assets of the borrower. (Id. ¶¶ 11-15.)  Day executed a personal guaranty of the obligations of HKD Productions. (Id. ¶ 2.)

It is further undisputed that to date, HKD Productions has not made any payments on the loan.  On May 7, 2012, Signature Bank provided notice of default to HKD Productions and demanded payment and commenced this action on October 18, 2012. (Id. ¶¶ 17-20, Exh. B.)  Plaintiff has moved for summary judgment against HKD Productions on it first, second, and third causes of action:  breach of contract, account stated, and unjust enrichment.  It has also moved for summary judgment on its fourth cause of action against Day: breach of guaranty.

On February 25, 2013, Day filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York.  Plaintiff and Defendants agree that, by operation of section 362 of Title 11 of the United States Code

2

(the Bankruptcy Code), the action against Day is automatically stayed and the instant motion need not be considered as to Day. The litigation against HKD Productions is unaffected, however, so the Court will consider the instant motion for summary judgment as to HKD Productions. See Trs. of the Sheet Metalworkers Int'l Ass'n Local No. 38 Vacation Fund v. Hopwood, No. 09-5088, 2012 WL 4462048 at *5 (S.D.N.Y. Sept. 27, 2012) (considering summary judgment with respect to only those defendants who had not declared bankruptcy). HKD Productions has not filed any opposition papers on connection with this motion.

## II. Discussion

Summary judgment is warranted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). Thus, when determining whether such factual issues exist, the Court must "construe the facts in the light most favorable to the nonmoving

party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  Summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof. Celotex, 477 U.S. at 322-23.  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original).

Where, as here, a summary judgment motion is unopposed, such nonresponsiveness "does not . . . mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., Inc., 373 F.3d 241, 244 (2d Cir. 2004).  Instead, a court must (1) determine what material facts, if any, are disputed in the record presented on the motion; and (2) assure itself that, based on those undisputed material facts, the law indeed warrants judgment for the moving party. See Champion, 76 F.3d at 486.  The motion may be denied if the movant's submission fails to establish that no material issue of fact remains for trial, Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001), or if the "undisputed facts fail to show that the moving

4

party is entitled to judgment as a matter of law," <u>Vt. Teddy Bear</u>, 373 F .3d at 244.

In an action based on notes and guaranties, a plaintiff may establish <u>prima facie</u> entitlement to summary judgment by demonstrating both the execution of the agreements at issue and nonpayment thereunder. <u>Valley Nat'l Bank v. Greenwich Ins. Co.</u>, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003). In the instant case, it is undisputed that (i) HKD Productions executed a promissory note evidencing a loan in the principal amount of $300,000, (Compl. ¶ 9, Exh. A), and (ii) has not made the payments due under this agreement (<u>Id.</u> ¶¶ 17-19.) Accordingly, Signature Bank has established its <u>prima facie</u> case.

HKD Productions has not opposed this motion for summary judgment, and as such it has failed to rebut Plaintiff's <u>prima facie</u> case. Even if the Court were to consider the meager affirmative defenses set forth in its Answer, however, Defendant still has not identified a genuine issue of fact. Specifically, HKD Productions' first affirmative defense asserts that "[t]he Complaint cannot be sustained for reason of estoppels, laches and waiver," (Ans. ¶ 40), yet it has failed to plead any facts that support this legal conclusion. It next asserts that "[t]he Complaint fails to state a claim upon which relief may be granted," (<u>Id.</u> ¶ 41), yet the Court's discussion above demonstrates that Signature Bank has established a <u>prima facie</u>

5

case, thus rejecting this defense. As there are no genuine issues of fact precluding summary judgment on the issue of whether HKD Productions defaulted on its loan, summary judgment is appropriate as to the first, second, and third claims.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment on the first, second, and third causes of action, is granted as to HKD Productions. The motion for summary judgment on the fourth cause of action, which is against only Day, is denied. The case against Day is stayed pending bankruptcy proceedings.

SO ORDERED.

Dated:   New York, New York
         March 18, 2013

_____
John F. Keenan
United States District Judge

6